WALTON v. McMORROW.

(Supreme Court, Appellate Division, First Department. April 7, 1899.)

BROKERS—RIGHT TO COMMISSIONS.

A broker cannot recover on a contract that he should have commissions for effecting an exchange of property with another, where he did nothing under the contract, and does not show that he was excused from rendering services under his employment, though the trade was consummated by the owner.

Appeal from trial term, New York county.

Action by Francis T. Walton against Patrick McMorrow. From a judgment on a verdict for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

George H. Adams, for appellant.
Maurice Rapp, for respondent.

O'BRIEN, J.　The action was to recover a broker's commission,
and grew out of an exchange of property effected between the defend-
ant and one Robert A. Cheseborough.　The facts involved have been
fully set forth in the opinion in the action of This Plaintiff v. Chese-
borough (handed down at this term of the court) 57 N. Y. Supp. 687.
Were the facts exactly similar, the conclusion would necessarily be
the same; but the cases are to be distinguished for the reason that
the essential elements presented in the Cheseborough action, which
justified the submission of questions to the determination of the jury,
are wanting in the present case.　As to his relations with the defend-
ant, the plaintiff testified that he had known him previous to the·
transaction, and saw him at the St. Lawrence Apartment House, when
a conversation was had with reference to an exchange of property;. ·
that on that occasion the defendant expressed a willingness to sell
or exchange, and assented to his proposition that, if a trade could be·
effected, the defendant should pay him a commission of 1 per cent.; ·
that the defendant said that there was no objection to his receiving
a commission from the other party also; that he then asked the de-
fendant if he knew Mr. Cheseborough, or of his property; and, receiv-
ing a negative answer, asked for and obtained the defendant's card,
and the defendant promised to go and see Mr. Cheseborough; that,
in addition, he went himself to Cheseborough, and gave him the de-
fendant's card; that he thereafter made several attempts to see the·
defendant, but was unsuccessful; that he finally saw a notice in the·
newspapers that the exchange had been effected, and then demanded
his commission.

If we assume that there was sufficient in this evidence to justify the··
inference of employment, and that the plaintiff had first brought to·
the defendant's attention the subject of a trade with Cheseborough,
there is nothing to show that he did anything under the employment,
or rendered any services to the defendant, for which he is entitled to·
be paid.　The defendant admitted the conversation to·
a possible sale or exchange, but denied that the plaintiff mentioned
Mr. Cheseborough's name, or that anything was said about the plain-
tiff's right to obtain a commission from the other side.　It is unneces-
sary, however, to discuss just what the conversation was, since it is·
admitted that the plaintiff did nothing more than suggest a trade,
never after having seen the defendant, till the exchange was made.
And the defendant states that, in answer to a demand for a commis-·
sion, he said to the plaintiff:

"You might be Mr. Cheseborough's broker, but you were not mine.　I suf-
fered considerable for the want of a broker in this transaction.　It entailed
a loss upon me, probably, of from five, ten, to twenty-five thousand dollars,
that I was compelled to conduct the negotiations myself."

· The distinction, therefore, between the two cases, is marked; for
in the present action, although it be conceded that the plaintiff was.
employed, he rendered no services under such employment; nor did·
he, as in the Cheseborough Case, offer any excuse for his failure to·
render such services.　It is true that in the Cheseborough Case, be-
yond telling about the property to be exchanged, and the name of
the owner, the plaintiff did nothing, yet· he testified that the reason.

why he performed no further services was because Cheseborough requested him not to do so, but to permit Cheseborough to conduct the negotiations himself; saying that, if he wanted the plaintiff further, he would send for him, and agreeing that, if the trade was made, he would pay the commission. This variance in the testimony in the two actions requires that we should reach a different conclusion; and, in the present case, we think that the motion made to dismiss the complaint should have been granted, the evidence being insufficient to make out a prima facie case; and it was therefore error to submit the question of the plaintiff's right to a commission to the jury.

Judgment accordingly reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur; VAN BRUNT, P. J., and INGRAHAM, J., in result.