(63 App. Div. 147.)

WALTON v. McMORROW.

(Supreme Court, Appellate Division, First Department. July 9, 1901.)

BROKERS—RIGHT TO COMMISSIONS.

 Plaintiff, a broker, who was to receive a commission for exchanging defendant's property, took defendant's card to another, who afterwards traded for the property, plaintiff doing nothing more in the transaction, defendant having told him that, when he wanted to see him, he would send for him. *Held*, that plaintiff was not entitled to a commission.

 Hatch and O'Brien, JJ., dissenting.

Appeal from trial term, New York county.

Action by Francis T. Walton against Patrick McMorrow. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Maurice Rapp, for appellant.
William C. Cammann, for respondent.

McLAUGHLIN, J. On a former appeal the judgment recovered by the plaintiff was reversed, and a new trial ordered (39 App. Div. 667, 57 N. Y. Supp. 691) on the ground that the case on appeal did not show that the plaintiff "did anything under the employment, or rendered any services to the defendant, for which he is entitled to be paid." The action was brought to recover a certain sum, alleged to have been earned by the plaintiff as a broker in effecting an exchange of certain property—an apartment house owned by the defendant—for property owned by one Chesebrough and for which the plaintiff claimed commissions from both the defendant and Chesebrough. The facts are fully stated in the opinion delivered on the former appeal and in the opinion delivered on the appeal from the judgment in the Chesebrough action (39 App. Div. 665, 57 N. Y. Supp. 687), and therefore it is unnecessary to again state them. After a careful consideration of the record, we are unable to see any material distinction between the case as now presented and the one presented on the former appeal. It is quite apparent that the plaintiff on the last trial attempted to bring this case within the Chesebrough Case, but in this he failed. In the Chesebrough Case it appeared that the plaintiff did not render any services, because he was requested by Chesebrough "not to do so," but to permit Chesebrough to conduct the negotiations himself. Here no such request was made. All that the defendant said was that, if he wanted to see the plaintiff, he would send for him. There was no occasion for his seeing him, if, as the plaintiff claims, he had been employed

to bring about an exchange of properties. What the defendant wanted was the services of the plaintiff to bring about the exchange, and until that had been accomplished there was no occasion for the meeting. The plaintiff, according to his own testimony, went to the apartment house owned by the defendant for the purpose of securing rooms for himself and family, and while there accidentally ascertained that the defendant would like to sell the apartment house, or exchange it for other property; and, learning that fact, he obtained the defendant's card, and carried it to Chesebrough, which, it may be conceded, resulted in the defendant's exchanging the apartment house for certain property owned by Chesebrough. This is all that the plaintiff did to bring the parties together, unless it be, possibly, interviews thereafter had with Chesebrough. He never saw the defendant again until an exchange had been made. It cannot be that upon such slight evidence as this, as suggested in the opinion delivered by Mr. Justice O'Brien on the former appeal, it can be held that commissions have been earned.

The judgment is right, and should be affirmed, with costs.

VAN BRUNT, P. J., and INGRAHAM, J., concur.

HATCH, J. I am unable to agree with the prevailing opinion in this case. A broker becomes entitled to compensation when he is the procuring cause in effecting a sale or exchange of property. It is not essential that he be present when the agreement or sale is actually concluded. If his efforts have been the means by which the parties are brought together, and the sale or exchange is the result of such meeting, then the commissions are earned, and the broker becomes entitled thereto. This rule is firmly established by the decisions in the court of appeals and elsewhere. Lloyd v. Matthews, 51 N. Y. 124; Sussdorf v. Schmidt, 55 N. Y. 319; Sibbald v. Iron Co., 83 N. Y. 378, 38 Am. Rep. 441; McKnight v. Thayer (Sup.) 21 N. Y. Supp. 440; Martin v. Bliss (Sup.) 10 N. Y. Supp. 886. The evidence offered in this case tended to establish that the plaintiff met the defendant, and told him of Mr. Chesebrough and his property, and that he thought an exchange of the defendant's property could be made for Mr. Chesebrough's property upon terms satisfactory to the defendant; that thereupon the defendant gave his card to plaintiff to be presented to Chesebrough, and that thereafter the plaintiff saw Chesebrough, and called his attention to the defendant, gave him the defendant's card, and made explanation concerning the defendant's property. Chesebrough took the card from the plaintiff and subsequently called upon the defendant, when negotiations were had between them which resulted in an exchange of properties upon terms satisfactory to the parties thereto. For this service the defendant agreed to pay the plaintiff a commission of 1 per cent. upon the estimated value of his property for the purpose of exchange. The principals in the transaction had never met, and were not known to each other, prior to the time when the plaintiff had the conversation with the defendant. Upon this testimony, as I understand the law, the jury

would have been authorized to find that the plaintiff was the procuring cause of the exchange of the properties; and, this being so, he was entitled to the commissions agreed to be paid. The fact that the plaintiff was also to receive a commission from Chesebrough does not necessarily defeat his right to recover of the defendant, as the testimony upon the part of the plaintiff tended to establish that he disclosed to the defendant the fact that he was acting for both parties in the transaction. The jury were authorized to find from the testimony that both parties understood the dual capacity in which the plaintiff acted, and consented thereto; and, this being so, it was no obstacle to a recovery. Martin v. Bliss, supra; Jarvis v. Schaefer, 105 N. Y. 289, 11 N. E. 634. When this case was before this court upon the former appeal, the plaintiff was defeated in his right to recover, for the reason that it appeared that he did nothing in respect to the negotiations or actual exchange of the properties after his first interview with the defendant. A recovery was upheld by this court in an action by the plaintiff against Chesebrough to recover a commission from him. Such recovery was upheld, based upon the ground that Chesebrough had requested the plaintiff not to have anything further to do in respect to the negotiations; and, the plaintiff having brought the parties together, and the exchange of the properties actually resulting, the plaintiff was entitled to recover, as he had done what Chesebrough requested him to do. The case against this defendant was distinguished upon the ground that it did not appear that this defendant had made any such request of the plaintiff, and that plaintiff's obligation was a continuing one to aid and assist the defendant about the negotiations, and, inasmuch as he had not performed that service, no basis existed upon which a recovery could be had against this defendant. Assuming, for present purposes, that the former decision is in harmony with the decisions cited herein, it clearly appears in the present record, and the plaintiff so testifies, that he told the defendant in his first interview that Chesebrough was a peculiar man, and wanted to do his own negotiating, and that, if he (the defendant) wanted the plaintiff, to send for him; to which the defendant replied that, if he needed him, he would let him know. The plaintiff subsequently went two or three times to see the defendant, but did not succeed in meeting him until after the trade was consummated. I think this testimony clearly supplies whatever was lacking, within the decision of the court upon the former appeal, and entitled the plaintiff to have the case submitted to the jury for them to find whether or not he was in fact the procuring cause of the exchange of the properties. It was, therefore, error to dismiss the complaint, for which reason I think the judgment should be reversed, and a new trial granted, with costs to appellant to abide event.

O'BRIEN, J., concurs.