EDEL v. HILLENBRAND et al.

(Supreme Court, Appellate Term. February 5, 1909.)

BROKERS (§ 8*)—ACTION FOR COMMISSION—EVIDENCE—SUFFICIENCY.

> Evidence in an action by a broker against other brokers for one-half of a commission received for selling property *held* insufficient to show that plaintiff was authorized to offer the property for sale, or had anything to do with the sale.
>
> [Ed. Note.—For other cases, see Brokers, Cent. Dig. § 9; Dec. Dig. § 8.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Ernest V. Edel against E. Francis Hillenbrand and another, partners as Hillenbrand & Nassoit. From a judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

H. B. David and Henry S. Mansfield, for appellants.

John Oscar Ball (A. P. Bachman, of counsel), for respondent.

GIEGERICH, J. The plaintiff, a real estate broker, is suing the defendants, also real estate brokers, for one-half of the commission which the latter obtained as brokers for the sale of a house and lot situated at 326 West Eighty-Third street, in the borough of Manhattan, New York City. In June, 1907, the plaintiff noticed an advertisement in the newspaper in which the defendants offered to exchange certain houses on West 130th street, in the borough of Manhattan, New York City, for other available property. He answered this, and submitted in exchange the Eighty-Third street house, information respecting which the plaintiff testified he had received from one C. Grayson Martin, whose real connection with the premises was not shown. They negotiated for some time in regard to exchanging the properties, and during the negotiations the defendants asked the plaintiff what the owner would take for the house, and the plaintiff told him $115,000. On September 13th the defendants informed the plaintiff that they had found a cash purchaser for the 130th street house, and consequently the proposition to exchange was at an end. After this, there was no further communication between the parties. About two or three months later the defendants found a person who was willing to purchase the Eighty-Third street property. By some means or other, but without the assistance or agency of the plaintiff, they got in communication with the attorney for Mrs. Helen Wilson, who was shown

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to be the owner of the property, and through such attorney the property was sold to a customer of the defendants for $95,000. The defendants received as their share of the commission in the matter the sum of $500, the attorney for the owner getting the other half of the commission of $1,000. At the close of the plaintiff's case, and again when the evidence was all in, the defendants moved to dismiss the complaint on the ground that the plaintiff had proved nothing more than that he got certain particulars from Mr. Martin, and that it did not appear who he was or what connection he had with the property, and that such Eighty-Third street property was purchased long after negotiations had been terminated with the plaintiff at a price $20,000 lower than that stated by him (the plaintiff), and with a yearly rental $1,000, less than that mentioned by him. The motion was denied, and the defendants excepted. The case was submitted to the jury, who rendered a verdict in favor of the plaintiff, and, from the judgment entered thereupon, the defendants have appealed to this court.

After reading the record, I am of the opinion that the facts proven do not establish any cause of action against the defendants, and that the complaint should have been dismissed. The record is barren of any evidence that the plaintiff had any authority whatever to offer the Eighty-Third street property for sale. The plaintiff claimed that Mr. Martin, from whom he had obtained whatever information he had in the matter, was the real owner of the property, and that, although Mrs. Wilson was the owner of record thereof, she was the mere dummy of Mr. Martin. No proof was offered in support of such contention, and the plaintiff utterly failed to show who Mr. Martin was, or what connection he had with the property in suit. The latter was not called as a witness, although from all that appears the plaintiff could easily have procured him. The attorney for Mrs. Wilson, on the other hand, testified, without contradiction, that his client was the absolute bona fide owner of the property, and that Mr. Martin did not have any connection therewith. There was thus an entire failure to prove that Mr. Martin had any authority from Mrs. Wilson to employ the plaintiff to offer the property in controversy for sale. But, even if I am in error in such view, and assuming that such authority was shown, and conceding every claim of the plaintiff in regard to the facts and every inference favorable to him possible to draw therefrom, I fail to see how he is entitled to recover in this action.

The plaintiff admitted upon cross-examination that he did not know Mrs. Wilson; that he was not present when the contract was signed nor when the title was closed; that he had offered the property to the defendants for $115,000, and it was sold for $95,000; that he represented the annual rent to be $1,000 more than it actually was; that whatever particulars he had were furnished by Mr. Martin; that he had no part in selling the property, and, in fact, he did not even know it was sold until he learned so through a newspaper, which was about three months after he had ceased negotiations with the defendants. It also appeared in evidence that the attorney for Mrs. Wilson never heard of the plaintiff until after the action was commenced, when the plaintiff requested him to become a witness on his behalf, which he refused to do. The defendant Hillenbrand, who was called as a witness

by the plaintiff, testified that he personally first learned of the property through a Mr. Bingham, who was connected with James D. Johnson & Co., who had employed the witness to appraise the property; that about three months thereafter he obtained particulars of the property from the attorney for Mrs. Wilson, who was later called as a witness on behalf of the defendants. The foregoing is substantially the entire evidence which was adduced in plaintiff's favor, and, considering it in the light of the authorities, it is wholly insufficient to sustain the judgment.

In Walton v. McMorrow, 63 App. Div. 147, 71 N. Y. Supp. 250, affirmed without opinion 175 N. Y. 493, 67 N. E. 1090, it was held that a real estate broker who, learning that the defendant desired to exchange his property, took and delivered the card of the latter to a third person who subsequently exchanged his property for that of the defendant, was not entitled to commissions or compensation. The broker in that case certainly had a stronger claim for compensation than this plaintiff. There the broker introduced the parties to each other. Here the only basis for the plaintiff's claim to share the commission is that through some negotiations between him and the defendants they learned the property was for sale. In Halperin v. Callender, 17 Misc. Rep. 362, 39 N. Y. Supp. 1044, the plaintiff, being unable to procure a loan for a customer, procured the assistance of the defendant under an agreement to divide commissions. No loan having been procured during the time limited by a contract with the customer, the latter refused to proceed in the matter, but later made a new contract directly with the defendant under which the loan was procured. It is manifest that the facts in that case were much more favorable to the plaintiff than in the present one, yet the court there denied the plaintiff any remedy, holding that the agreement to divide commissions fell with the termination of the first contract, and the plaintiff was not entitled to any part of the commissions on the loan which was afterwards procured, as it was a new and distinct arrangement between the owner and the defendant. If the plaintiff were allowed to recover here, it might with equal propriety be said that anybody who informed a broker that the owner of a certain house was willing to sell it might demand of the broker one-half of his commission, if he should thereafter effect a sale of the property.

The judgment should therefore be reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.