WILLIAM P. RAE CO. v. KANE et al.

(Supreme Court, Appellate Division, Second Department. May 7, 1909.)

BROKERS (§ 52*)—COMPENSATION—BRINGING TO AGREEMENT.

To entitle a broker to compensation, he must bring the minds of the buyer and seller to an agreement for a sale and the price and terms under which it is to be made.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 73; Dec. Dig. § 52.*]

Miller, J., dissenting.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, Kings County.

Action by the William P. Rae Company against Peter F. Kane and others. From a judgment for plaintiff, and from an order denying a motion for new trial, defendants appeal. Reversed, and new trial granted.

See, also, 121 App. Div. 494, 106 N. Y. Supp. 47.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Richard M. Martin, for appellants.

Frank P. Reilly (Charles H. Hyde, on the brief), for respondent.

RICH, J. This action was brought to recover a broker's commission for the sale of land. It has been here once before, and must be again reversed, because the learned trial justice in his charge to the jury entirely ignored the doctrine that the duty assumed by a broker is to bring the minds of the buyer and seller to an agreement for a sale and the price and terms under which it is to be made, and that until that is done his right to commissions does not accrue. Sibbald v. Bethlehem Iron Co., 83 N. Y. 378, 38 Am. Rep. 441. The appellants also insist that the general tone of the charge was so prejudicial to them as to justify a reversal of the judgment. After careful consideration we conclude that this point is well made.

The judgment and order must be reversed, and a new trial granted; costs to abide the event. All concur, except MILLER, J., who dissents.