SAMUEL APPLEBAUM and Another, Respondents, v. JOHN W. WITBECK, Appellant, Impleaded with EDITH P. WITBECK, Defendant.

Third Department, January 14, 1931.

*Herzberg & Garrison* [*R. Monell Herzberg* of counsel], for the appellant.

*Lester Robert Smith*, for the respondents.

PER CURIAM. The plaintiffs have judgment for $1,000 representing their claims for commissions as brokers on the sale of certain realestate owned by the defendant.

The issues were submitted to the jury on a rather novel and unusual theory, to wit, that the contract was that the plaintiffs were to produce a purchaser; and that having produced one to whom a sale was eventually made, it did not matter whether or not the plaintiffs were the procuring cause of the sale.

As a matter of fact, the person who eventually purchased the property was a tenant of the defendant. There were negotiations between the plaintiff Applebaum, and this tenant looking toward a sale of the property. Offers were made and rejected. As the evidence stands, the efforts of plaintiffs were substantially abandoned. Later on a sale was made by defendant to the tenant at a price which had not theretofore been mentioned between the brokers and the prospective purchaser.

We think the rule adopted on the trial was erroneous. Efforts of brokers, however vigorous and well sustained, not resulting in a sale are not compensable. Their acts must be the procuring cause to entitle them to demand and receive a fee. (*Sibbald* v. *Bethlehem Iron Co.*, 83 N. Y. 378; *Walton* v. *McMorrow*, 39 App. Div. 667; S. C., 63 id. 147; affd., 175 N. Y. 493; *Rae Co.* v. *Kane*, 132 App. Div. 935.)

It may be that as a question of fact the plaintiffs may identify their efforts as a procuring cause of the sale by showing a direct and proximate relation between the two. (*Lord* v. *United States Transportation Co.*, 143 App. Div. 437; *Handy* v. *Van Cortlandt Realty Co.*, 156 id. 110.) Such an opportunity will be offered on a new trial.

The judgment and order should be reversed on the law and the facts and a new trial granted, with costs to the appellant to abide the event.

All concur.

Judgment and order reversed on the law and the facts, and new trial granted, with costs to the appellant to abide the event.